# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **AARON KOPP,** | CASE NO. 3:20 CV 2779 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **PRECISION BROADBAND INSTALLATIONS, INC.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

## INTRODUCTION

On December 16, 2020, Plaintiff Aaron Kopp ("Plaintiff"), on behalf of himself and all others similarly situated, brought this action against Precision Broadband Installations, Inc. ("Defendant"), alleging Defendant failed to comply with its statutory obligations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.03. (Doc. 1)[1]. Pending before the Court is Plaintiff's Motion for Conditional Certification, Expedited Opt-in Discovery, and Court-Supervised Notice to Potential Opt-in Plaintiffs (Doc. 21), which Defendant opposed (Doc. 23), and to which Plaintiff filed a reply (Doc. 24). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

For the reasons discussed herein, Plaintiff's Motion (Doc. 21), is GRANTED in part.

---

1. Plaintiff subsequently filed an Amended Complaint on January 5, 2021. *See* Doc. 6.

BACKGROUND

Defendant is a broadband installation and service provider who serves customers in Ohio, Michigan, Pennsylvania, Illinois, Kentucky, and Florida. (Doc. 6, at ¶13); (Doc. 23, at 2). Plaintiff worked for Defendant as a cable installer. (Doc. 6, at ¶14); (Doc. 23, at 2). Plaintiff, and other cable installers who worked for Defendant, were classified as non-exempt under the FLSA and compensated on a piece rate basis. (Doc. 6, at ¶¶17-18); (Doc. 23, at 2).

In his Amended Complaint, Plaintiff alleges he and other installers regularly worked over 40 hours per week and Defendant violated the FLSA when it failed to properly compensate them because it did not allow the installers to report those extra hours. (Doc. 6, at ¶¶20-22). Plaintiff seeks to join similarly situated cable installers to this action defined as: "[a]ll current and former cable installers employed by [Defendant] at any time between December 16, 2017 and the present." (Doc. 6, at ¶33); (Doc. 21, at 10). In so doing, Plaintiff moves the Court to issue a conditional certification so he may provide court-authorized notice to other potential opt-in plaintiffs. (Doc. 21, at 2).

DISCUSSION

Conditional Certification

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). Thus, Section 216(b) establishes two requirements for a representative action: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)).

Plaintiffs are similarly situated "when they suffer from a single, FLSA – violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds, Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). As the Sixth Circuit set forth in *Comer*, courts use a two-stage inquiry to determine whether plaintiffs are similarly situated. First, during the "notice stage", at the beginning of discovery, a plaintiff must demonstrate his position is "similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546-47 (internal quotations and citations omitted). This requires "a modest factual showing . . . made using a fairly lenient standard, and typically results in conditional certification of a representative class." *Id*. at 547 (internal quotations and citations omitted).

Following this initial inquiry into potential plaintiffs, discovery moves to the second stage which involves a closer examination into "whether particular members of the class are, in fact, similarly situated" for the purposes of final certification. *Id*.; *see also Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012) ("For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification . . . . [W]e recognize that the second stage warrants 'a stricter standard' than the conditional certification because it occurs near the end of discovery.") (quoting *Comer*, 454 F.3d at 547).

This two-phased approach is favored because the details gathered in the first stage provide the court "much more information on which to base its decision" when issuing a final certification in the second. *Comer*, 454 F.3d at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). "[A]fter this [initial] discovery has concluded and the opt-in forms have been received, the court will make a final determination as to whether the

alleged members of the class are, in fact, similarly situated and should be certified." *Mehmedi v. La Dolce Vita Bistro, LLC*, 2010 WL 4789579, at *1 (N.D. Ohio).

At the notice stage, conditional certification operates exactly as described – it is *conditional*, and the bar is set low by design. However, certification is not automatic. Factors which guide a court's conditional certification decision include: 1) whether potential plaintiffs have been identified; 2) whether affidavits from potential plaintiffs were submitted; and, 3) whether there is evidence of a "widespread discriminatory plan" affecting the plaintiffs. *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014) (quoting *H&R Block Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

Here, the Court finds Plaintiff has made a "modest factual showing" that he and other potential opt-in plaintiffs are similarly situated such that conditional certification is appropriate. *Comer*, 454 F.3d at 547. Plaintiff supplies declarations from seventeen purported plaintiffs. *See* Doc. 21-3 (Opt-in Plaintiff Declarations). The declarations detail that each worked as a cable installer for Defendant and identify the dates and locations where they worked. *Id*. The documents further declare Defendant did not allow them to accurately report hours worked and, in turn, did not properly compensate them for hours worked. *Id*.; *see also O'Brien*, 575 F.3d at 585. The declarations prove the existence of (at least) seventeen similarly situated purported plaintiffs and are evidence of a "widespread discriminatory plan" to deprive plaintiffs of monies due under the FLSA. *Castillo*, 302 F.R.D. at 486.

In opposing conditional certification, Defendant also introduces its own declarations from two current employees – a human resources manager and a regional manager – in an attempt to show it had policies in place requiring accurate timekeeping and appropriate overtime pay. *See* Docs. 23-1, 23-2. Through the declarations, it also attempts to demonstrate Plaintiff and other

potential plaintiffs lacked factually similar employment conditions such as geographic locations and supervisors. *See id.* However, these arguments are merit-based, overcomplicating things at this stage. *See* Doc. 23, at 7-13. By introducing these declarations, Defendant attempts to create a factual dispute regarding whether cable installers were, or were not, correctly compensated for overtime work. Defendant's merit arguments are thorough; however, they are more appropriately raised during the second stage of the certification inquiry where the Court possesses more information about all potential opt-in plaintiffs. *Turner v. Utiliquest, LLC*, 2019 WL 7461197, at *5 (M.D. Tenn.) ("The Court will not consider Defendant's Declarations, however, because it cannot resolve the factual disputes that those Declarations reflect. The balancing of competing affidavits would require credibility determinations, which are inappropriate at this stage of the litigation. The Court cannot decide substantive issues going to the ultimate merits or make credibility determinations now.").

For these reasons, the Court finds Plaintiff has satisfied his burden and grants the motion for conditional class certification under Section 216(b).

<u>Notice</u>

In his motion, Plaintiff seeks the identity, contact information (to include an address, telephone number, and email address), and pertinent employment dates of all current and former cable installers employed any time between December 16, 2017 and the present. (Doc. 6, at ¶33); (Doc. 21, at 10); *see also* Doc. 21-4 (proposed interrogatory). Plaintiff asserts the requested information "is necessary to determine the contact information for the potential opt-in plaintiffs who will be eligible to be notified of this lawsuit in the event the Court grants the instant Motion." (Doc. 21, at 15-16). Plaintiff also offers a proposed notice to potential class members titled "Important Notice to Potential Class Members" (Doc. 21-5), and a proposed text message

linking potential members to the notice (Doc. 21-6). Defendant opposes the breadth of the discovery request, arguing more than one method of notice is unnecessary, and requests the word "important" be stricken from the proposed notice. (Doc. 23, at 13-14).

A court enjoys broad discretion in facilitating notice to potential opt-in plaintiffs. *See Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169 (1989) ("We hold that district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs. *** We confirm the existence of the trial court's discretion, not the details of its exercise.") (internal citation omitted). Proper notice is a key element in an FLSA collective action due to the "opt-in" nature of the litigation. Indeed, the benefits of such an action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche*, 493 U.S. at 170 (internal citation omitted). As an objective body, a court does not endorse the position of any plaintiff or defendant in a collective action, nor the merits of their claims; the court's role is to ensure the *right* of potential plaintiffs to participate in such action is protected. *Id*. at 170-71 ("It follows that, once an [FLSA] action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.").[2]

---

2. The Supreme Court in *Hoffman-La Roche* interpreted a claim under a provision of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), which expressly incorporates the FLSA

Based on *Hoffman-La Roche*, and taking into consideration accuracy, efficiency, and timing, while maintaining respect for the privacy of the potential opt-in plaintiffs, the Court finds Plaintiff's proposed additional methods of notice via email and text message unnecessary. District Courts in Ohio generally approve a single method of notification unless there is reason to believe that method will be ineffective. *See Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1044 (S.D. Ohio 2018); *see also Oberg v. W. Park HD, Inc.*, 2020 WL 3470331, at *5 (N.D. Ohio) (same); *Wolfram v. PHH Corp.*, 2012 WL 6676778, at *3-4 (N.D. Ohio) (same). Beyond a general statement regarding delays in the postal system, Plaintiff has not demonstrated the single method of notification by mail is insufficient to accomplish the goal. (Doc. 24, at 15). The Court will therefore limit notice to regular United States mail. At the end of the 45-day notice period (Doc. 21-5, at 3), Plaintiff shall file a notice with the Court if any notice is returned undeliverable. The notice shall include *only the number of undeliverable notices*, not the identity of any purported plaintiff. Then, should the need arise, the Court will make a determination as to an alternative method of notification for such individuals.

Finally, Defendant contends the word "important" should be stricken from the title page of the proposed class notice, arguing that it is too suggestive in that it improperly encourages purported plaintiffs to participate. (Doc. 23, at 13). The Court agrees. The word is unnecessary as it does not advance the overall goal of notification and could be construed as suggestive.

For these reasons, the Court authorizes notification to potential opt-in plaintiffs via regular United States mail. Further, the Court strikes the word "important" from the proposed written notice to potential class members. (Doc. 21-5). !

---

provision at issue here (Section 216(b)), permitting an individual to become a party in a collective action only by written consent. 493 U.S. at 165.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (Doc. 21), be and the same hereby is, GRANTED in part; and it is

FURTHER ORDERED that Plaintiff's Notice to Potential Class Members (Doc. 21-5) be, and the same hereby is, APPROVED, except as modified above; and it is

FURTHER ORDERED that Plaintiff's proposed method of notice via text message, including notification language (Doc. 21-6) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that within twenty-one (21) days of this Order, Defendant shall answer Plaintiff's proposed interrogatory (Doc. 21-4), except as modified above, and shall provide to Plaintiff the name, last known home address, and employment dates of all current and former cable installers employed by Defendant at any time in the last three (3) years; and it is

FURTHER ORDERED that within fourteen (14) days of receiving Defendant's answers to Plaintiff's interrogatory, Plaintiff's counsel shall send the Notice to all putative class members via regular United States mail. and it is

FURTHER ORDERED that at the end of the 45-day notice period set forth in the Notice to Potential Class Members (Doc 21-5, at 3), Plaintiff shall file a notice with the Court identifying the number, if any, of notices returned as undeliverable.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE