UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AARON KOPP, on behalf of himself and all others similarly situated, | CASE NO. 3:20-cv-2779 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| vs. | **PLAINTIFFS' OPPOSITION TO DEFENDANT PRECISION BROADBAND INSTALLATION INC.'S MEMORANDUM IN SUPPORT OF INDIVIDUAL WRITTEN DISCOVERY TO ALL OPT-IN PLAINTIFFS** |
| PRECISION BROADBAND INSTALLATIONS, INC., | |
| Defendant. | |

**I.     INTRODUCTION**

Defendant's entire argument relating to why it wants individualized discovery of all 100 Plaintiffs is that it "intends to move for decertification at the close of discovery" and thus it needs to "understand which claims each Opt-In Plaintiff is alleging to determine whether the Opt-In Plaintiffs are, in fact, 'similarly situated.'" However, this is true of every collective action brought pursuant to the FLSA, and yet, as shown in Plaintiff's Position Statement Regarding Representative Discovery Courts, Courts in Ohio and the Sixth Circuit overwhelmingly rule that representative discovery will take place in such cases. (See Doc. 50.) This case is not one in which there are extraordinary or special circumstances that would require discovery of all 100 Plaintiffs, particularly when Courts have ruled that less than 100 opt-ins would be subject to representative discovery in cases involving thousands of opt-in Plaintiffs. *See Raisor v. Menard*, No. 3:18-CV-314 (N.D. Ohio April 16, 2019)(court permitted discovery of 24 individuals in case involving 2,000 opt-in plaintiffs); *Rosenbohm v. Cellco Partnership,* No. 2:17-CV-731 (S.D. Ohio May 16, 2019)(court limited discovery to 94 opt-in plaintiffs in collective action involving 3,875

opt-in plaintiffs); *Lloyd v. J.P. Morgan Chase & Co.*, 2015 U.S. Dist. LEXIS 35161 (S.D.N.Y. Mar. 20, 2015)(the court limited the defendant to deposing 20 of the opt-ins in a case in which 1,049 opt-ins).

II.  LAW AND ARGUMENT

> A.  **Defendant Has Not Met Its Burden in Showing A Need For Individualized Discovery Or That This Court Should Rule Contrary to Authority In This District and Circuit Stating That Representative Discovery Is Appropriate**

In support of its argument for individualized discovery, Defendant cites to *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392 (6th Cir. 2021), cert. denied, 142 S. Ct. 2777 (2022), in which the Court of Appeals held that district court lacked specific jurisdiction over claims brought by out-of-state plaintiff nurses. As *Canaday* did not involve a decision regarding individualized discovery or representative discovery, it is wholly irrelevant to the current issue before this Court.

Moreover, the few cases that Defendant relies on in support of its position that it should be permitted to take individualized discovery are decisions outside of this District, State, and Circuit, and are between nine and 31 years old. The cases upon which Defendant relies in support of individualize discovery are: *Renfro v. Spartan Computer Servs., Inc.*, No. 06-2284-KHV-DJW, 2008 WL 474253 (D. Kan. Feb. 19, 2008); *Lloyd v. JP Morgan Chase & Co.*, No. 11 CIV 9305, 2015 WL 1283681 (S.D. N. Y. Mar. 20, 2015); *Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185 (E.D. Va.1991); *Page v. Grandview Marketing, Inc.*, Nos. 2:09-cv-1150, 2:09-cv-1152, 2010 WL 11629668 (D. Nev. Oct. 6, 2010); *White v. 14051 Manchester, Inc.*, No. 412-CV-469JAR, 2013 WL 1867113; *Ingersoll v. Royal & Sunalliance USA, Inc.*, No. C05-1774 MAT, 2006 WL 2091097 (W.D. Wash. July 25, 2006); *Khadera v. ABM Indus. Inc.*, 2011 WL 3651031 (W.D. Wash. 2011); *Abubaker v. City of Solano*, 2008 WL 508911 (E.D. Cal. 2008); *Coldiron v. Pizza Hit, Inc.*, 2004 WL 2601180 (C.D. Cal. 2004); *Stickle v. SCT Western Market Support Center, L.P.*, 2010 WL

3218598 *1 (D. Ariz. Aug. 13, 2010).

Defendant did not cite to a single case in this District, or even any case out of any District in the State of Ohio, to support its decision. In fact, Defendant relies on only one case within the Sixth Circuit - *Twohill v First Acceptance Corp*., No. 3:17-CV-00284, 2018 WL 11437817 (M.D. Tenn. Oct. 5, 2018), a decision from a Tennessee District Court in which the Court provides no explanation for its decision other than the number of opt-in plaintiffs. The Court, however, also ruled that "the Parties are ordered to meet and confer in an attempt to further streamline the written discovery" and "the authorization of individualized written discovery does not extend to the number of depositions." *Id.* at *2.

Moreover, all of the decisions cited by Defendant, which are outside of this District, State, and Circuit (except *Twohill*) are contrary the opinions of Northern District of Ohio, Southern District of Ohio, and other courts in the Sixth Circuit, which restrict discovery to a representative sample - even in cases that include less than 120 individuals. *See Gentrup v. Renovo Servs., LLC*, No. WL 6766418, at *7 (S.D. Ohio Aug. 17, 2010)(Court limited written discovery to named plaintiffs and 22 of the opt-in Plaintiffs and depositions to 16 of the pllaintiffs in case involving 115 plaintiffs in 20 different states who worked for different operating subsidiaries); *Johnson v. Int'l Steel & Counterweights LLC*, No. 4:20-CV-2584, 2021 WL 5359198, at *1 (N.D. Ohio Nov. 17, 2021)(allowing very limited written discovery on 34 plaintiffs and depositions of 10 plaintiffs in a case with 52 opt-in plaintiffs); *Sutton v. Diversity at Work Grp. Inc*., No. 1:20-CV-00682, 2021 WL 2334488, at *2-3 (S.D. Ohio June 8, 2021)(representative discovery in case with only 20 opt-in plaintiffs); *Potts v. Nashville Limo & Transp., LLC*, No. 3:14-CV-01412, 2018 WL 2431641, at *3 (M.D. Tenn. May 30, 2018)(discovery of 10 out of 16 plaintiffs); *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *9 (M.D. Tenn. Nov.

30, 2020)(Court limited written discovery to 12 plaintiffs and depositions to 6 plaintiffs in case involving 117 plaintiffs).

Moreover, as shown above and in Plaintiff's Position Statement, Courts in this District and Circuit don't even permit discovery from 100 opt-in plaintiffs in cases involving thousands of opt-in plaintiffs scattered across the country. Even in *Luster v AWP*, No. 1:16-CV-02613 (N.D. Ohio July 24, 2019), a case involving 1,982 Opt-In Plaintiffs throughout 60 AWP locations in 19 different states, the Court agreed with Plaintiff's Counsel that discovery should be limited to the two representative plaintiffs and 100 opt-in plaintiffs. Yet, Defendant in this matter requests full discovery of all 100 plaintiffs in only 11 locations in only six (6) states. In *Luster*, the Plaintiffs and Opt-In Plaintiffs were traffic control specialists who alleged they were not paid for performing the following work:

- Completing pre-trip inspections on AWP's vehicles;
- Fueling AWP's vehicles;
- Driving AWP's vehicles from their homes or one of AWP's places of business to the work sites, and picking up and transporting other employees;
- Driving AWP's vehicles from the work sites to their homes or one of AWP's places of business at the end of the day; and
- Completing post-trip inspections on AWP's vehicles.

(*Luster*, Doc. Nos. 1 and 86.)

As such, the facts in *Luster* compare to the facts in the instant matter, though they fall under different sections of the FLSA, in that the plaintiffs and opt-in plaintiffs: (1) alleged underreporting of hours for which they were not paid; (2) varied in the amount and degree of underreporting of hours depending on the drive times on a daily basis of each opt-in plaintiff; (3) worked at different locations; (4) worked in different states; and (5) had a multitude of different supervisors. Irrespective of the variations among plaintiffs, the Court permitted written and deposition of discovery of only 100 opt-in plaintiffs, or 5% of the opt-in plaintiffs. In the instant

case, Plaintiff has proposed discovery from 16 Opt-In Plaintiffs, or 16%, which would allow for discovery in all 11 locations in all six states. If after engaging in the first round of discovery Defendant feels such discovery was insufficient, the Parties can meet and confer, and if necessary Defendant can return to the Court to request additional discovery.

In *Gentrup v. Renovo Servs.*, LLC, No. 1:07-CV-430, 2010 WL 6766418, (S.D. Ohio Aug. 17, 2010), a collective action involving 115 repossession agents in 20 different states, Defendants presented six arguments against representative discovery (most of which are the same arguments Defendant makes in the instant case): "(1) each Plaintiff affirmatively chose to sue Defendants in this lawsuit and agreed that they would be subject to discovery; (2) courts routinely permit classwide discovery in classes similar in size to this one; (3) without classwide discovery, Defendants will be unable to defend against Plaintiffs' claims, as Defendants considered Plaintiffs independent contractors and did not maintain records of the hours they worked; (4) the determination of whether any given Plaintiff was improperly classified as an independent contractor is an individualized, fact-intensive inquiry; (5) individualized discovery is necessary for purposes of Defendants forthcoming decertification motion; and (6) denying Defendants discovery would deprive them of their due process rights." *Id.* at * 2. The Court pointed out that while the Defendants cited cases where courts have allowed classwide discovery in FLSA cases, they were all district court decisions in other Circuits. The Court also found that "the liability for each Plaintiff is not an individualized inquiry with proper representative discovery. The use of representative samples to determine lost wages is appropriate even where there are no records at all." *Id* at *4. Further, "[a]fter an employee has proved that he or she has performed work for which lesser compensation was received than provided by law, the fact of damage is certain." *Id.* at *5. The Court determined that Defendant was permitted to serve written discovery on the named

plaintiffs and 22 opt-in plaintiffs and to take depositions of 16 plaintiffs, not all 115 plaintiffs. *Id.* at *8.

As this District has stated in *Johnson v. Int'l Steel & Counterweights LLC*, No. 4:20-CV-2584, 2021 WL 5359198, at *2 (N.D. Ohio Nov. 17, 2021), "Courts have found representative discovery to be appropriate and in keeping with the remedial purposes of the FLSA, even where the number of opt in plaintiffs was relatively small."

### B. Defendant's Revised Discovery Requests Remain Overly Broad, Unduly Burdensome, and Irrelevant to the Claims

Recognizing that its original First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission were overly broad, unduly burdensome, and irrelevant, Defendant proposed and filed a revised revision. (See Doc. 49-1.) However, many of these discovery requests remain overly broad, unduly burdensome, and irrelevant. For example:

**Interrogatory No. 1: Please Identify the dates of Your employment with PBI, the positions You held, and the location(s) where You work/worked.**

**Plaintiff's Response:** This information is all already within Defendant's possession and/or control for every Opt-In Plaintiff. Thus, Plaintiffs are being asked to provide duplicative information on behalf of 100 Plaintiffs.

**Request for Production No. 1: Please produce all Documents, including communications from PBI and/or Documents otherwise maintained or received by You, relating to Your compensation/pay, Your hours of work, and how many hours You worked, including without limitation any handbook, policy or other communication issued by PBI relating to pay, timekeeping, and reporting Your hours worked.**

**Plaintiff's Response:** Again, the communications from PBI are all already within Defendant's possession and/or control for every Opt-In Plaintiff. Thus, Plaintiffs are being asked to provide duplicative information on behalf of 100 Plaintiffs for the entire durations of their employments without limitation to the period of time

relevant to this lawsuit.  Moreover, this request is unduly burdensome as it would require Plaintiffs to produce all time and pay records, including pay stubs, over the entire course of their employments.  Defendant has within its possession and/or control the hours paid for work for all 100 Plaintiffs.  Defendant claims to not have the hours worked for which Plaintiffs allege they were not paid – the unreported/undocumented hours.  Thus, to require Plaintiffs to produce all documents for Plaintiffs' entire employments, without any period of time limitation, including those already in Defendant's possession and control would be unduly burdensome and duplicative.  Additionally, Defendant cannot argue that documents outside of the timeframe covered by this lawsuit are relevant to the claims asserted.

**Interrogatory No. 2:**  Please Identify each person (not including Your counsel), with whom You have communicated with concerning the claims in the Complaint or any facts raised in it. For each person, please state the date, place, and manner (e.g.,telephone, e-mail, face-to-face; communications on social media) of communication and provide a brief summary of the communication.

**Request for Production No. 2:**  Please produce all Documents relating to any communication identified in Your response to Interrogatory No. 2.

**Interrogatory No. 3:**  Please state whether You have given, requested or obtained any written statements from any individual concerning Your employment with PBI, the claims asserted in the Complaint, or Your claim for damages. If so, please Identify each such written statement.

**Request for Production No. 3:**  Please produce all Documents referenced in Your response to Interrogatory No. 3.

> **Plaintiff's Response:**  These Interrogatories and Requests for Production are unduly burdensome, require a narrative response and request information that is wholly irrelevant to the actual claims in this case.  This Interrogatory in no way relevant to decertification or the issue of whether Plaintiffs are "similarly situated"

7

in this case. In its Memorandum, Defendant asserts that it needs the following individualized discovery:

1. Does that Opt-In Plaintiff claim he or she underreported hours?
2. If so, why?
3. If so, what was the nature and scope of that Opt-In Plaintiff underreporting?
4. Did anyone at PBI tell that Opt-In Plaintiff to underreport hours?
5. If so, who?
6. If so, when?
7. What documents and records does that Opt-In have to support the claim?

(Doc. 49, PageID 460-461.)

These Interrogatories and Requests for Production do not address any of these issues and rather seeks details and documents about communications relating to the Complaint and litigation of this case. Such inquiries having nothing to do with determining whether Plaintiffs are similarly situated for purposes of decertification and have nothing to do with the claims alleged in this lawsuit.

**Interrogatory No. 6:** If Your response to Request for Admission No. 1 is anything other than an unqualified admission, please Identify the occasions You underreported hours, and the number of hours underreported.

**Plaintiff's Response:** This Interrogatory is unduly burdensome, requires a narrative response, and seeks information outside the scope of time related to this lawsuit. It requires 100 Plaintiffs to attempt to state every single date they underreported hours and number of hours they underreported for the entire duration of their employments.

8

**III.     CONCLUSION**

For the purposes of keeping attorneys' fees, costs, and travel down, while also allowing for a sufficient sample of the class, Plaintiff's discovery plan proposal is a sufficient statistically significant sample, which reasonably "minimizes the extraordinary burden on the [parties] and their counsel", while also "afford[ing] the [parties] a reasonable opportunity to explore, discover and establish an evidentiary basis for [their claims and/or defenses]."  *See Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006).  As such, Plaintiff respectfully requests that this Honorable Court limit first phase discovery to 16 Opt-In Plaintiffs, with 10 alternates, and order that representative discovery will be chosen by random sampling over the locations/areas where Opt-In Plaintiffs have worked for Defendant.

Respectfully submitted,

 /s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
Attorneys for Plaintiff and Opt-In Plaintiffs

9

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2022, a copy of the foregoing *Plaintiffs' Opposition To Defendant Precision Broadband Installation Inc.'s Memorandum In Support Of Individual Written Discovery To All Opt-In Plaintiffs* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                           /s/ Chastity L. Christy
                                                           One of the Attorneys for Plaintiffs