UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AARON KOPP, on behalf of himself and all others similarly situated, | ) | CASE NO. 3:20-cv-02779 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE DARRELL A. CLAY |
| | ) | |
| vs. | ) | |
| | ) | **ORDER OF DISMISSAL AND** |
| PRECISION BROADBAND INSTALLATIONS, INC., | ) | **APPROVING SETTLEMENT** |
| | ) | |
| Defendant. | | |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1.      On December 16, 2020, Representative Plaintiff Aaron Kopp filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant unlawfully failed to pay its hourly, non-exempt employees, including Plaintiff, for all time worked and overtime compensation for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.  (Doc. No. 1.)

2.      On March 31, 2021, Plaintiff filed his Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs.  (Doc. 21.)  On April 30, 2021, Defendant filed its Opposition Brief (Doc. 23).  On May 7, 2021, Plaintiff filed his Reply Brief.  (Doc. 24.)  On June 30, 2021, the Honorable Court granted

Plaintiff's Motion for Conditional Certification.  (Doc. 25.)

3.      Notice was sent to the 475 putative class members on August 4, 2021, and the Opt-In Period closed on September 18, 2021.  In addition to Representative Plaintiff Aaron Kopp, 95 Opt-In Plaintiffs remain in this action and are included in this Settlement.

4.      The Parties engaged in substantial investigation and informal and formal discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendant's defenses.  The Parties engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims.  This included a complete analysis and calculations of Plaintiffs' and Opt-In Party Plaintiffs' alleged damages.

5.      The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

6.      Between December 2020 and October 31, 2023, the Parties engaged in extensive legal discussion and correspondence. Between March 31, 2022 and October 31, 2023, the Parties engaged in extensive settlement negotiations.

7.      On April 14, 2022, the Parties attended a settlement conference with this Court, during which the Parties made progress toward resolution, but did not resolve the matter.

8.      Following the settlement confernce, the Parties continued to engage in formal discovery and litigation of this matter.

9.      On July 20, 2023, the Parties attended a second settlement conference with this Court, during which the Parties made progress toward resolution, but did not resolve the matter.

10.      Between July 20, 2023 and October 31, 2023, this Court continued engaging in settlement discussions between the Parties, and on October 31, 2023 the Parties reached an

agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit 1 to the Parties' Joint Motion.  The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

11.     The Parties agree that *bona fide* disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation and minimum wages under the FLSA and/or OMFWSA.

12.     Furthermore, there is a *bona fide* dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it did not act willful and has a good faith defense.

13.     The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a *bona fide* dispute over the provisions of the Fair Labor Standards Act.

14.     The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

15.     The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement.  All pending deadlines are stricken as moot.  The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this __5th__ day of ___December_____, 2023.

_____
DARRELL A. CLAY
U.S. MAGISTRATE JUDGE